IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MARES,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, and DOES 1 through 10,

    Defendants.

No. C 04-02558 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 23, 2005:

The Court **tentatively GRANTS** motion for summary judgment filed by defendant the City and County of San Francisco. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have fifteen minutes to address the following questions:

(1) Does Plaintiff Anthony Mares, Jr. dispute that he must present evidence demonstrating that he did not make the alleged comments in order to state a claim for violation of due process based on stigmatizing charges? If so, on what authority does he rely?

(2) Is Plaintiff's claim that the City violated his right to due process premised in part on the fact that the City did not rehire him? If so, what authority supports Plaintiff's contention that he has a property interest in being rehired as a probationary recruit?

(3) Plaintiff makes several references to retaliation in his opposition brief. Is Plaintiff asserting a claim for retaliation? If so, under what statute or other authority is Mares bringing such a claim, and where in his complaint does Plaintiff allege such a claim?

(4) Does Plaintiff dispute that he may not bring a claim for breach of contract against the City because the terms and conditions of his employment were set by statute? If so, on what authority does Plaintiff rely?

(5) Does Plaintiff dispute that he must comply with the California Government Tort Claims Act before filing any state law claims against the City? If so, on what authority does he rely? Does Plaintiff contend that he complied with the requirements of the California Government Tort Claims Act? If so, on what evidence in the record does Plaintiff rely?

(6) Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: September 22, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE